IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO COUNTY RETIRED
EMPLOYEES ASSOCIATION; et al.,

    Plaintiffs,                                     No. CIV S-11-0355 KJM-EFB

    vs.

COUNTY OF SACRAMENTO,            <u>ORDER</u>

    Defendant.

                                      /

        This matter comes before the court upon defendant's motion to dismiss plaintiffs' complaint for failure to state a claim. (ECF 8.) This matter is decided without a hearing. For the following reasons, defendant's motion is denied.

I.  <u>FACTS AND PROCEDURAL HISTORY</u>

        Since 1980, defendant has provided medical and dental insurance premium subsidies that assisted County retirees with their medical and dental insurance premiums through the Sacramento County Employee Retirement System ("SCERS"). (Compl. ¶ 2.) From 1993 to 2002, the Sacramento County Board of Supervisors ("Board") provided the subsidies "by resolution and set the amount at the highest HMO premium for non-Medicare eligible retirees." (*Id.*) The Board froze the subsidy in 2003 at a maximum of $244 per month for medical insurance and a flat rate of $25 per month for dental insurance premiums, without distinguishing

1

between former employees based on management status or union representation. (*Id.*) In 2007, the Board adopted its Retiree Medical and Dental Insurance Program Administrative Policy for 2008, eliminating subsidies for employees who retired after May 31, 2007. (*Id.* ¶ 4; Mot. at 7.) Six unions representing their members who were County employees challenged this action before the California Public Employment Relations Board ("PERB"), which issued a decision on June 30, 2009, ordering defendant to rescind the subsidy cut. (Compl. ¶¶ 4-5.) The Board did so, but only for those current and prospective retirees who were represented by the unions in the claim before the PERB. (*Id.* ¶ 8.) In 2010, the Board reduced the medical insurance subsidy to a maximum of $144 per month and eliminated the dental insurance subsidy for employees who had retired prior to June 1, 2007. (*Id.* ¶¶ 3, 7.) In 2011, the medical insurance subsidy was reduced to a maximum of $80.64 per month. (*Id.* ¶ 3.)

Plaintiffs filed their purported class action complaint on behalf of four subclasses[1] on February 8, 2011. (ECF 1.) They allege four causes of action on behalf of themselves and their purported subclasses: 1) violation of the contract clause of Article I, Section 10 of the U.S. Constitution; 2) violation of the contract clause of Article I, Section 9 of the California Constitution; 3) violation of the equal protection clause of the Fourteenth Amendment to the U.S. Constitution; and 4) violation of the equal protection clause of Article I, Section 7 of the California Constitution.

---

[1] Subclass one consists of "[r]etirees who retired before June 1, 2007, and who were not represented by a union before the PERB who are currently receiving a maximum health insurance subsidy off-set of $80.64 each month." (Compl. ¶ 8.) Subclass two consists of "[r]etirees who were informed in 2007 that they would need to retire on or before May 31, 2007, in order to be eligible to receive the health insurance subsidy and who did retire prior to June 1, 2007, with the intent to remain eligible for the health insurance subsidy for the duration of their retirement who are now receiving a maximum medical insurance premium off-set for $80.64 each month." (*Id.*) Subclass three consists of "[r]etirees who retired after May 31, 2007, who were not represented by a union before the PERB and who are currently receiving no health or dental insurance subsidy off-set as a result of the changes enacted by the Sacramento County Board of Supervisors." (*Id.*) Subclass four consists of "[r]etirees who were represented by a union before the PERB who are receiving a maximum medical insurance subsidy of $244 each month with an additional $25 subsidy for dental insurance premiums plus 7% interest as a result of the PERB ruling." (*Id.*)

2

Defendant filed the present motion to dismiss in lieu of an answer on April 1, 2011. (ECF 8.) Plaintiffs filed their opposition on May 23, 2011. (ECF 15.) Defendant filed its reply on May 26, 2011. (ECF 18.) Plaintiffs filed a statement of supplemental authorities on November 22, 2011 (ECF 31),[2] to which defendant has not responded.

II. ANALYSIS

    A.    Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

---

[2] Plaintiffs also included a request that the court take judicial notice of the Board's medical and dental insurance program administrative policy effective for the 2012 calendar year. (ECF 31.) The court grants plaintiffs' request as the policy is a matter of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2005).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

    B.    Application

        1.    First and Second Causes of Action

Defendant contends plaintiffs' first and second causes of action must be dismissed because there is no express contract and it cannot be bound by an implied contract. (Def.'s Mot. at 9.) Relying on the language in its policies and the County Employee Retirement Law of 1937 ("CERL"), Cal. Gov't Code § 31450, et seq., defendant further maintains that retirees do not have contractually vested rights to particular levels of compensation. (*Id*. at 10-12.) Defendant argues that as there is no contract, there can be no constitutional contractual impairment. (*Id*. at 12.) Plaintiffs counter that there is an implied contract and they do have vested rights. (Pls.' Opp'n at 1.)

Since defendant filed its motion, there has been a development in the common law that governs plaintiffs' contract-based claims. To wit, the Central District granted the county's motion for summary judgment in *Retired Employees Association of Orange County v.*

4

*County of Orange*, 632 F. Supp. 2d 983, 987 (C.D. Cal. 2009), finding that "California courts have refused to find public entities contractually obligated to provide specified retirement benefits . . . in the absence of explicit legislative or statutory authority," which decision was appealed to the Ninth Circuit. *See Retired Emps. Ass'n of Orange Cnty., Inc. v. Cnty. of Orange*, 610 F.3d 1099 (9th Cir. 2010). The Ninth Circuit certified the following question to the California Supreme Court: "Whether, as a matter of California law, a California county and its employees can form an implied contract that confers vested rights to health benefits on retired county employees." *See Retired Emps. Ass'n of Orange Cnty., Inc. v. Cnty. of Orange*, 52 Cal. 4th 1171, 1176 (2011). The California Supreme Court found "under California law, a vested right to health benefits for retired county employees can be implied under certain circumstances from a county ordinance or resolution." *Id.* at 1194.[3] The state court further concluded there is no requirement for "any particular formality in the fixing of employee compensation." *Id.* at 1184. However, it did not address whether a county "may form an implied contract with its employees on matters of compensation," which the court found "must be addressed by resolution." *Id.* at 1185. The court did find that "implied terms concerning compensation" are recognized in spite of the resolution requirement. *Id.* Moreover, the court found that "[v]esting remains a matter of the parties' intent," stating "implied rights to vested benefits should not be inferred without a clear basis in the contract or convincing extrinsic evidence." *Id.* at 1189, 1191. Following the California Supreme Court's answer to the certified question, the Ninth Circuit remanded the *Orange County* case to the Central District, with instructions that the district court conduct further proceedings consistent with the state supreme court's answer. *See Retired Emps. Ass'n of Orange Cnty., Inc. v. Cnty. of Orange*, 663 F.3d 1292, 1292 (9th Cir.

---

[3] "Although federal courts look to state law to determine the existence of a contract, federal rather than state law controls as to whether state or local statutes or ordinances create contractual rights protected by the Contracts Clause. Nevertheless, federal courts do accord respectful consideration and great weight to the views of the State's highest court." *San Diego Police Officers' Ass'n v. San Diego City Emps. Ret. Sys.*, 568 F.3d 725, 736 (9th Cir. 2009).

5

2011).  The Central District case is pending.  *Retired Emps. Ass'n of Orange Cnty., Inc. v. Cnty. of Orange*, No. 8:09-cv-00098-AG-MLG (C.D. Cal.).

Accordingly, defendant's argument that counties cannot be bound by implied contracts to provide compensation has been rejected, as have its arguments that "retiree health benefits are not vested" and "[w]here there is no statute or legislative enactment, courts have uniformly found there is no vested right to continuation of a specific benefit."[4]  *See Retired Emps. Ass'n of Orange Cnty*., 52 Cal. 4th at 1194 ("[U]nder California law, a vested right to health benefits for retired county employees can be implied under certain circumstances from a county ordinance or resolution.").

It is not for the court to decide on this motion to dismiss whether a vested right to health benefits can be implied under the circumstances of this case from the Board's resolutions.  Rather, "[w]hen ruling on a motion to dismiss, [the court] accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Ass'n for L.A. Deputy Sheriffs v. Cnty. of L.A.*, 648 F.3d 986, 991 (9th Cir. 2011) (internal quotation omitted).  "Dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of facts so support its claims."  *Id.* (internal quotation omitted).  Plaintiffs have alleged that since 1993, the Board has been providing medical and, intermittently, dental insurance premium subsidies by resolution (Compl. ¶ 2); defendant has attached a number of these resolutions to its present motion.  (Req. for Judicial Notice and

---

[4] The court notes that defendant contends its policies since at least 1998 have expressly stated that the Retiree Health Program at issue does not create a contractual, regulatory or vested entitlement to health care subsidies (Mot. at 10), which contention goes to the question of contract formation.  *See Retired Emps. Ass'n of Orange Cnty*., 52 Cal. 4th at 1188 ("A court charged with deciding whether private contractual rights should be implied from legislation . . . should proceed cautiously both in identifying a contract within the language of a statute and in defining the contours of any contractual obligation." (internal quotation and alteration omitted)).  However, as defendant has proceeded solely on the argument that there was and could be no contract, the court does not reach the merits of the contract formation question in resolving the present motion.

6

accompanying exhibits, ECF 9-12.)[5]  Plaintiffs further allege that defendant substantially impaired defendant's implied contractual obligations to plaintiffs by reducing the medical insurance premium subsidy and eliminating the dental insurance premium subsidy.  (*See, e.g.*, Compl. ¶¶ 51-52.)  In order to state a claim for violation of the Contracts Clause contained in Article I, Section 10 of the U.S. Constitution,[6] plaintiff must show that there is a contractual relationship that was substantially impaired.  *General Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992).[7]  Accordingly, plaintiffs have alleged sufficient facts to state a claim for violation of the Contracts Clause of the U.S. Constitution, as well as Article I, Section 9 of the California Constitution.

Defendant's argument, citing to *Tirapelle v. Davis*, 20 Cal. App. 4th 1317 (1993) and *Ass'n for L.A. Deputy Sheriffs v. Cnty. of L.A.*, 154 Cal. App. 4th 1536 (2007), that public employees do not have vested rights to particular levels of compensation is a matter that was not decided by the California Supreme Court in *Retired Emps. Ass'n of Orange Cnty*.  However, the court need not reach this question as the issue presented in plaintiffs' complaint is not whether defendant was prohibited from modifying health and dental insurance premium subsidies.  Rather, the question before the court is whether the retirees in the four purported subclasses had vested contractual rights at the time of modification such that defendant breached its contract

---

[5] The court takes judicial notice of these attachments as they are matters of public record. *Reyn's Pasta Bella*, 442 F.3d at 746.

[6] "Courts apply the same analysis to claims brought under the Contracts Clause of the United States Constitution and the California Constitution."  *Retired Emps. Ass'n of Orange Cnty*, 610 F.3d at 1102.

[7] This is the first question in a three step inquiry.  *RUI One Corp. v. City of Berkeley*, 371 F.3d 1137, 1147 (9th Cir. 2004).  However, as defendant rests its argument on the non-existence of a contract, the court does not consider the remaining questions, which are: "whether the State, in justification, has a significant and legitimate public purpose behind the regulation, such as the remedying of a broad and general social or economic problem . . . [and] whether the adjustment of the rights and responsibilities of contracting parties is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation's adoption."  *Id.* (internal quotations and alterations omitted).

with plaintiffs by modifying the subsidies as it related to them. *See Hanford Exec. Mgmt. Emp. Ass'n v. City of Hanford*, 1:11-cv-00828-AWI-DLB, 2012 U.S. Dist. LEXIS 23161, at *25-26 (E.D. Cal. Feb. 23, 2012) (discussing *Kern v. City of Long Beach*, 29 Cal. 2d 848 (1947), stating: "[A] promise of compensation essentially manifests an intent to form a contract in which the employer agrees to defer compensation to the employee in exchange for the employee's performance of services. Those payments, though deferred, are earned immediately upon performance of services, and the employee's right to receive payments vests . . . once the employee has served for the period required by statute and met all contingencies imposed by the employer."); *Retired Emps. Ass'n of Orange Cnty.*, 52 Cal. 4th at 1189 n.3 ("A benefit is deemed 'vested' when the employee acquires an irrevocable interest in the benefit."); *White v. Davis*, 30 Cal. 4th 528, 566 (2003) ("[A]lthough the conditions of public employment generally are established by statute rather than by the terms of an ordinary contract, once a public employee has accepted employment and performed work for a public employer, the employee obtains certain rights arising from the legislative provisions that establish the terms of the employment relationship–rights that are protected by the contract clause of the state Constitution from elimination or repudiation by the state."). Plaintiffs allege that they did have vested contractual rights. (*See, e.g.*, Compl. ¶ 3); *Ass'n for L.A. Deputy Sheriffs*, 648 F.3d at 991 ("When ruling on a motion to dismiss, [the court] accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." (internal quotation omitted)). The question of vested rights is one of fact that is not appropriate for review on a motion to dismiss for failure to state a claim.

        2.        Third and Fourth Causes of Action

Section one of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." Section 7(a) of Article I of the California Constitution provides: "A person may not be . . . denied equal protection of the

laws . . . ."[8]  States may "treat different classes of persons in different ways;" however, classifications "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike."  *Reed v. Reed*, 404 U.S. 71, 75-76 (1971) (internal citations and quotation omitted); *see also Creighton v. Regents of the Univ. of Cal.*, 58 Cal. App. 4th 237, 246 (1997) ("Equal protection requires that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.").  Rational basis scrutiny is applicable to the present matter.  *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992) ("unless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest.").  "In general, the Equal Protection Clause is satisfied so long as there is a plausible policy reason for the classification, the legislative facts on which the classification is apparently based rationally may have been considered to be true by the governmental decisionmaker, and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational."  *Id.* at 11 (internal citations omitted).

Defendant contends "[m]embers of the four proposed subclasses are not similarly situated to those former County employees who are receiving the full $244 subsidy, because those retirees are former members of unions that filed unfair labor practice charges before the PERB."  (Mot. at 14.)  Defendant states: "The PERB decision does not apply to unrepresented employees or members of unions that did not file unfair labor practice charges before PERB, and

---

[8] "California courts read the rationality review component [of] the Equal Protection clause contained in Article I, section 7, of the California Constitution as 'coextensive with its federal counterpart.'"  *Katz v. Children's Hosp.*, 28 F.3d 1520, 1529 n.9 (9th Cir. 1994) (quoting *Dept. of Developmental Servs. v. Ladd*, 224 Cal. App. 3d 128, 129 (1990)); *see also Safeway Inc. v. City & Cnty. of San Francisco*, 797 F. Supp. 2d 964, 971 (N.D. Cal. 2011) ("The equal protection provision of the California constitution is substantially the same as the equal protection clause of the Fourteenth Amendment to the United States Constitution and, thus, may be analyzed under the same standard.").

the County therefore did not restore the full subsidy for those groups." (*Id.*)  Moreover, defendant contends, plaintiffs have not shown it acted irrationally or that it had no legitimate interest in taking the action at issue.  (*Id.* at 16.)  Plaintiffs contend they were similarly situated to those employees who had their pre-reduction level benefits restored.  (Opp'n at 20.)

It is a question of fact, not appropriately before the court on the present motion to dismiss as to whom the PERB decision applied; moreover, defendant cannot state that as a matter of law these groups of retirees are not substantially similar.  In their complaint, plaintiffs allege they were similarly situated to the retirees receiving the monthly $244 medical and $25 dental insurance premium subsidies (Compl. ¶¶ 60, 64) as they had the same vested contractual rights to this level of subsidies as the represented retirees (*id.* ¶ 8); thus, plaintiffs do not fail to state a claim as a matter of law.

Defendant also contends that even if plaintiffs are similarly situated to those former employees receiving the pre-reduction level subsidies, it had a legitimate interest in reducing their subsidies, which was "to save County resources by doing only what was legally required to comply with the PERB decisions."  (Mot. at 16.)  Plaintiff contends that "[s]uch disparate treatment is on it [sic] face arbitrary."  (Opp'n at 20.)  "[T]he judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines." *New Orleans v. Dukes*, 427 U.S. 927, 303 (1976).  However, it is not the court's task on a motion to dismiss to determine whether defendant's actions were rationally related to its legitimate interest; rather, the court must determine whether plaintiffs have stated a claim for violation of the federal and state Equal Protection clauses.  Plaintiffs allege that after the PERB decision, "[f]or the first time, the COUNTY created distinct classifications amongst its retirees (not based on age or length of service) absent any rational basis or legitimate governmental interest. This violated retirees' right to equal protection of the law and discriminated against those retirees who either were not members of a County union or who were members of unions who did not join with the .

. . other unions in the PERB litigation." (Compl. ¶ 8.) "Construing these facts . . . in the light most favorable to [plaintiffs, the court] must ascertain whether they state a claim on which relief could be granted" *Papasan*, 478 U.S. at 283. Here, they do.

III. <u>CONCLUSION</u>

For the foregoing reasons, defendant's motion to dismiss is denied. Defendant shall file an answer to plaintiffs' complaint within twenty-one (21) days of the entry of this order. A status (pretrial scheduling) conference is set for June 28, 2012 at 2:30 p.m.; parties shall file a joint status report by June 21, 2012.

IT IS SO ORDERED.

DATED: March 31, 2012.

_____
UNITED STATES DISTRICT JUDGE